

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-21-2008

# USA v. El-Homsi

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5213

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. El-Homsi" (2008). *2008 Decisions.* Paper 1400.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1400

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-5213

———

UNITED STATES OF AMERICA

v.

KAMAL S. EL-HOMSI

Kamal El-Homsi,

*Appellant*

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 05-cr-00465)
District Judge: Honorable Jerome B. Simandle

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 14, 2008

Before: FUENTES, CHAGARES, and VAN ANTWERPEN, *Circuit Judges*.

(Filed:  March 21, 2008)

———

OPINION OF THE COURT

———

VAN ANTWERPEN, *Circuit Judge*.

Appellant Kamal El-Homsi appeals his December 20, 2006 sentence. He contends that the District Court erred by improperly allowing the standards for a departure under the United States Sentencing Guidelines ("Guidelines") to control its decision whether to grant a downward variance pursuant to its discretion under 18 U.S.C. § 3553(a)(1). El-Homsi argues that his sentence is, therefore, unreasonable as a matter of law. For the reasons set forth below, we will affirm the sentence.

I.

Because we write solely for the parties, we will only address those facts necessary to our opinion.

On June 8, 2005, the Grand Jury for the District of New Jersey returned a 13-count indictment against El-Homsi, charging him with twelve counts of structuring financial transactions to avoid reporting requirements, in violation of 31 U.S.C. § 5324(a)(3), and one count of credit card fraud, in violation of 18 U.S.C. § 1029(a)(2). On August 3, 2006, pursuant to a plea agreement, El-Homsi pled guilty to one count of each charge.

The Presentence Investigation Report ("PSR") calculated an advisory Guidelines range of 37 to 46 months' imprisonment. During the sentencing hearing, neither El-Homsi nor the Government argued for a departure from the recommended Guidelines range. El-Homsi did, however, request a downward variance under 18 U.S.C. § 3553(a).[1]

---

[1] During the sentencing hearing, neither El-Homsi nor the District Court explicitly stated the specific § 3553(a) factor under which El-Homsi sought a variance based on his compulsive gambling disorder. However, on appeal, El-Homsi asserts that he requested

1

El-Homsi claimed such a variance was appropriate because the crimes at issue were, at least in part, the result of his compulsive gambling disorder. In support of this argument, El-Homsi presented testimony by Valerie C. Lorenz, Ph.D., Executive Director of the Compulsive Gambling Center, who opined that El-Homsi would not have committed the crimes for which he was being sentenced if not for his pathological gambling disorder.

Although the District Court accepted that El-Homsi has a mild compulsive gambling disorder, it rejected his request for a downward variance, and sentenced him to 37 months' imprisonment, plus 3 years of supervised release, a sentence at the bottom of the recommended Guidelines range. El-Homsi appeals from his sentence.

## II.

The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. This Court has appellate jurisdiction under 28 U.S.C. § 1291 and, for the purposes of reviewing the sentence imposed, 18 U.S.C. § 3742(a).

We review sentences for reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 128 S. Ct. 586, 594 (2007).

## III.

the variance under § 3553(a)(1), based on "the nature and circumstances of the offense and the history and characteristics of the defendant." *Appellant's Br.* at 14. El-Homsi's failure to identify at sentencing the specific § 3553(a) grounds for varying from the advisory Guidelines range is inconsequential for the purposes of our analysis. We do note, however, that we have repeatedly emphasized the obligation of counsel to "clearly place the sentencing grounds they are raising on the record at the time of the sentencing hearing." *United States v. Dragon*, 471 F.3d 501, 505 (3d Cir. 2006).

2

On appeal, El-Homsi argues that his sentence is unreasonable, and therefore should be vacated. More specifically, El-Homsi argues that the District Court applied the Guidelines standards for a downward departure based on reduced mental capacity, instead of properly exercising its discretion under § 3553(a), to decide whether to grant his request for a downward variance. We reject this argument and will affirm the District Court's judgment of sentence.

Recently, in *Gall*, the Supreme Court reiterated the process a district court must follow in sentencing a defendant. 128 S. Ct. at 596-97. Although *United States v. Booker*, 543 U.S. 220 (2005), held that the Sentencing Guidelines are advisory only, they remain "the starting point and the initial benchmark" in sentencing decisions. *Gall*, 128 S. Ct. at 596; *see also United States v. Cooper*, 437 F.3d 324, 331 (3d Cir. 2006) (the Guidelines are "a natural starting point for the determination of the appropriate level of punishment for criminal conduct"). Accordingly, a district court must begin by calculating the applicable Guidelines range. *Gall*, 128 S. Ct. at 596. This Court has explained that, as part of calculating the applicable Guidelines range, the district court must "formally rule on the motions of both parties and state on the record whether [it is] granting a departure, and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-*Booker* case law, which continues to have advisory force." *United States v. Wise*, --- F.3d --- (3d Cir. 2008) (quoting *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006)) (internal quotation marks and citations omitted). Finally, after giving each

3

party the opportunity to argue for the sentence it deems appropriate, the district court must exercise its post-*Booker* discretion in considering all of the § 3553(a) factors to determine the appropriate sentence. *Gall*, 128 S. Ct. at 596; *see also Gunter*, 462 F.3d at 247.

Our appellate review of the reasonableness of a district court's sentence focuses on whether the court abused its discretion in imposing the chosen sentence. *Gall*, 128 S. Ct. at 597. Our inquiry has two steps. First, we must determine whether the district court committed any significant procedural error in arriving at its decision, such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range." *Id.*

Next, if the district court committed no significant procedural error, we review the sentence for substantive reasonableness. *Id*. In conducting this review, we take into account the "totality of the circumstances." *Id*. We may not reverse the district court simply because we would have imposed a different sentence. *Id*.

Turning to our review of the sentence at hand, we note that El-Homsi claims what is essentially a procedural error on the part of the District Court. He argues that the District Court erred in the last step of the sentencing process, by improperly allowing the Guidelines standard for a departure under U.S.S.G. § 5K2.13 to limit its discretion under

4

§ 3553(a)(1) to grant a variance based on his compulsive gambling disorder.[2]  Under the Guidelines, a district court may grant a departure pursuant to § 5K2.13 only where: "(1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense."  During the sentencing hearing, the District Court stated that it would require "not only the verified existence of the condition itself, but [also] a causal nexus that resulted in a significantly diminished capacity of the defendant at the time when he was committing the crime" to grant the requested variance for compulsive gambling disorder.  *App*. at 242.  El-Homsi contends that the similarity of this statement to the language of the departure standard for reduced mental capacity indicates that the District Court considered its discretion under § 3553(a) constrained by the enumerated grounds for a departure under § 5K2.13.  We disagree.

The District Court committed no procedural error.  It began the sentencing by calculating the correct advisory Guidelines range.  Neither party requested a departure under the Guidelines.  Accordingly, the Court moved on to evaluate the § 3553(a) factors.  Read as a whole, the Court's statements at sentencing indicate that it clearly understood

---

[2] This Court draws a distinction between a "variance" from a Guidelines range and a "departure" from a Guidelines range. *United States v. Vampire Nation*, 451 F.3d 189, 195 (3d Cir. 2006).  A court grants a "departure" from the Guidelines range based on specific Guidelines provisions that authorize such changes. *See Gunter*, 462 F.3d at 247 n.10.  A court grants a "variance" from the Guidelines range based on *Booker* and the sentencing court's discretionary consideration of the § 3553(a) factors. *Id*.

the distinction between a departure pursuant to the Guidelines and a variance based on its discretion under § 3553(a). In fact, as emphasized by the Government, the District Court explicitly mentioned the distinction several times during the sentencing hearing. *See, e.g., App.* at 244-45 ("[T]here is no departure sought in this case under the Guidelines. What is sought is an adjustment for variance under 3553"); *App.* at 92 ("[W]hat I'm considering then is the argument for a *Booker* variance applying other 3553(a) factors"); *App.* at 240 ("The defendant's second point for a variance under 3553(a) arises from the defendant's compulsive gambling disorder"). We also note that the District Court stated its reasons for denying El-Homsi's variance request during its discussion of all of the § 3553(a) factors.

The fact that the District Court, in considering the § 3553(a) factors, used language similar to that used in a Guidelines departure standard does not dictate a contrary result. It merely indicates that the District Court required, before exercising its discretion to grant a variance under § 3553(a)(1), that El-Homsi prove his compulsive gambling disorder caused the crimes at issue. To vacate El-Homsi's sentence based solely on the similarity of the departure language in the Guidelines and the District Court's language would be to elevate form over substance, an approach to sentencing that this Court has rejected repeatedly. *See Dragon*, 471 F.3d at 506.

El-Homsi does not challenge the substantive reasonableness of his sentence on appeal. Because we can discern no procedural or substantive error related to El-Homsi's

6

sentence, we will affirm.

## IV.

For the above reasons, we will affirm the District Court's sentence.